# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\*\*\*

In Re

Third Party Subpoena Propounded on Kelly H. Dove and Snell & Wilmer, L.L.P.

Respondent,

Brett Hatton

2:22-cv-02009-APG-VCF

**ORDER**

    Kelly H. Dove and Snell & Wilmer, L.L.P. filed motions to quash subpoenas and respondent Brett Hatton filed counter motions to change venue or transfer. I deny the motions to quash without prejudice, to refile in the United States Bankruptcy Court, District of Delaware. ECF Nos. 1 and 6. I grant the counter motions to transfer in part. ECF Nos. 5 and 8. I also order that this case be administratively closed.

## I.     Legal Standard

    A party that wishes to quash a subpoena must initially move the court for the district where compliance is required, but FRCP 45(f) gives the Court discretion to transfer subpoena related motions to the issuing court. See FRCP 45(f) ("When the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court"). Where the subpoenaed party does not consent to such transfer, the enforcing party must set forth "exceptional circumstances" for such transfer. *Id.* Whether to transfer a subpoena-related motion is committed to the discretion of the

1

court where compliance is required. See *Moon Mountain Farms, LLC v. Rural Cmty. Ins. Co.*, 301 F.R.D. 426, 429 (N.D. Cal. 2014).

Although the Rule itself does not expound on what constitutes "exceptional circumstances," the advisory notes provide guidance as to the court's exercise of discretion:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion or the same issues are likely to arise in discovery in many districts.

*Id.* at 428 (quoting Advisory Committee Notes).

The Advisory Committee Notes do not provide an exhaustive list of all circumstances in which transfer is appropriate under Rule 45(f). This formulates a balancing test in which the court considers "whether the circumstances favoring transfer outweigh the interest of the nonparty served with the subpoena in obtaining local resolution of the motion." See *Valle del Sol, Inc. v. Kobach*, 2014 U.S. Dist. LEXIS 106336, 2014 WL 38318490, 3 (D. Kan. Aug. 4, 2014). The court should consider the burden on the party responding to the subpoena in the event of a transfer. The court should also consider factors such as judicial economy, docket management, and the risk of inconsistent rulings. See, e.g., *Moon Mountain Farms, LLC*, 301 F.R.D. 426 at 429-30. Whether "exceptional circumstances" exist for a transfer turns on the particular facts of each case.

**II.     Analysis**

The two motions to quash are convoluted and difficult to follow, especially given that the third parties attached multiple subpoenas to their motions.[1] See ECF Nos. 1 at 19, 29, and 40 and 6-3. The

---

[1] Complicated further by the third parties' failure to follow the local rules when it filed its first motion to quash. LR IA 10-3.

respondents argue in the counter motions to transfer that there is only one subpoena at issue: the December 1, 2022 is the amended subpoena which duplicates the previous subpoenas. ECF Nos. 5 and 8 at 2; see also ECF No. 6-3. It appears that the parties cannot agree on even the most basic issues regarding which subpoenas have been withdrawn or amended. If the parties had worked together more effectively—which is required by Rule 1[2]—most of the briefing and motion practice on this issue could have been avoided.

The respondent has demonstrated that exceptional circumstances exist for this motion to be transferred to Delaware. There is minimal burden to the nonparties. Counsel for the nonparties have already drafted two motions to quash, attached dozens of pages of exhibits, and will be able to enter an appearance in the Delaware case as counsel for the nonparties. The bankruptcy court in Delaware is in a better position to rule on the issues in the motions to quash as it has already entered orders implicating arguments the court would have to undertake here. Judicial economy is favored due to the familiarity the issuing court has with the arguments raised in the motions to quash. The parties also appear to disagree regarding the significance of the December 14, 2022 evidentiary hearing in the Bankruptcy action. Transferring the motions to quash to the issuing court would thus avoid the potential for inconsistent rulings. The circumstances favoring transfer outweigh the interest of the nonparties served with the subpoenas in obtaining local resolution of the motion.

ACCORDINGLY,

I ORDER that the motions to quash (ECF Nos. 1 and 6) are DENIED WITHOUT PREJUDICE, to refile in the United States Bankruptcy Court, District of Delaware, *In re SureFunding LLC*, Case No. 20-10953(LSS).

---

[2] Rule 1 states that the rules "should be construed, administered, and employed by the court **and the parties** to secure the just, speedy, and inexpensive determination of every action and proceeding."

I FURTHER ORDER that the counter motions to transfer (ECF Nos. 5 and 8) are GRANTED IN PART, as detailed in this order.

I FURTHER ORDER that the Clerk of Court is directed to administratively CLOSE this case.

IT IS SO ORDERED.

DATED this 9th day of December 2022.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE